UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAHMUD ABDUL SATTAR KASIM,
               Plaintiff-Appellant,

     v.

EQUIFAX INFORMATION SERVICES, LLC, a        Civil No. 08-627-HA
foreign limited liability company, TRANS         AMENDED
UNION LLC, a foreign limited liability company,   OPINION AND ORDER
and
BANK OF AMERICA, a foreign entity,
               Defendant-Appellees.
_____

HAGGERTY, Judge:

      The prior Opinion and Order in this matter is VACATED.  The only changes presented in

this Amended Opinion and Order are corrections to two minor typographical errors.  The matter

before the court is the first of two appeals from the decision of the United States Bankruptcy

Court for the District of Oregon (Bankruptcy Court).  The appellees in this action are the

consumer reporting agencies (CRAs) known as Equifax Information Services LLC (Equifax) and

Trans Union, LLC (Trans Union) (collectively referred as CRAs).  The parties elect to have the

appeal heard by this court rather than the Bankruptcy Appeal Panel, which they are permitted to

do.  *See* 28 U.S.C. § 157.  In such instances, this court may exercise jurisdiction under 28 U.S.C.

§ 158(a)(1) and the court acts as an appeals court from decisions of the bankruptcy court.  The

court concludes that oral argument is unnecessary, and for the reasons below affirms the ruling

by the Bankruptcy Court.

1 - AMENDED OPINION AND ORDER

**BACKGROUND**

Appellant Mahmud Kasim (appellant or Kasim) filed for bankruptcy in early 2004.

Kasim received a "Chapter 11" discharge of his debts pursuant to 11 U.S.C. § 727.  Following a

dispute about plaintiff's credit report, Kasim filed this action on June 19, 2007, in the Bankruptcy

Court.  Kasim alleged that the appellees violated the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681, *et seq*.  Kasim Excerpt of Record (ER), at pp. 1-10.

Appellant claimed that the CRAs negligently and willfully failed to comply with the

FCRA by failing to conduct a reasonable reinvestigation and failing to maintain reasonable

procedures to assure that the credit reports that they issued were accurate.  ER at pp. 7-8.  Kasim

alleges that due to these failures, he was denied credit wrongfully.  ER at p. 7.

On August 1, 2007, the Bankruptcy Court granted Equifax's Motion to Dismiss for lack

of jurisdiction.  ER at pp. 38-39.  Even though Trans Union had not yet entered an appearance,

the Order included it because the claims were identical.  *Id*.  The Bankruptcy Court concluded

that appellant's FCRA claims against the CRAs did not involve a cause of action that was created

by the bankruptcy code.  ER at p. 55.  Further, the Bankruptcy Court found that jurisdiction was

lacking because the FCRA claims were unrelated to appellant's bankruptcy because the claims'

outcome would not "alter the debtor's rights, liabilities, options or freedom of action, either

positively or negatively," and would not impact the administration of the bankruptcy estate.  ER

at p. 55 (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)).

Kasim appealed this ruling (and a second, similar ruling pertaining to appellee-defendant

Bank of America) to this court.  Appellant asserts that the United States Bankruptcy Court for

the District of Oregon erred in granting the Equifax motion to dismiss.

2 - AMENDED OPINION AND ORDER

**STANDARDS**

The district court reviews the findings of fact of the bankruptcy court under a clearly erroneous standard, and conclusions of law, such as summary judgment decisions, are reviewed *de novo*. *Daniels-Head & Assocs. v. William M. Mercer, Inc. (In re Daniels-Head & Assocs.)*, 819 F.2d 914, 918 (9th Cir. 1987). Whether the bankruptcy court had subject matter jurisdiction over appellant's claims is reviewed *de novo*. *See In re Valdez Fisheries Development Ass'n, Inc.*, 439 F.3d 545, 547 (9th Cir. 2006).

**QUESTION PRESENTED**

At issue is whether (1) the Bankruptcy Court erred by ruling that it did not have subject matter jurisdiction over plaintiff's claims arising under the FCRA, or (2) by ruling that plaintiff had failed to state other claims against the CRAs for violating the discharge order under 11 U.S.C. § 524 and for declaratory relief under Fed. R. Bankr. Pro. 4007.

**ANALYSIS**

    **1.    Jurisdiction**

Appellant asserts that the Bankruptcy Court has jurisdiction over the FCRA claims pursuant to 28 U.S.C. § 1331. Appellant's Brief at 5-6. This statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Appellant argues that "because the Bankruptcy Court's jurisdiction is coextensive with the District Court's jurisdiction, it is erroneous to rule that the Bankruptcy Court did not have jurisdiction over the FCRA claims." *Id*. at 7.

The jurisdiction enjoyed by Bankruptcy Courts is more limited than district courts.  *See In re Valdez Fisheries Development Ass'n, Inc.*, 439 F.3d at 549.  Bankruptcy judges exercise the authority conferred to them under 28 U.S.C. § 157 and 28 U.S.C. § 1334.  *In re Resorts Intern., Inc.*, 372 F.3d 154, 161 (3rd Cir. 2004).  Specifically, a Bankruptcy Court may hear and decide "any or all cases under title 11 and any or all proceedings arising under title 11 *or arising in or related to* a case under title 11" pursuant to 28 U.S.C. § 157(a).  28 U.S.C. § 1334(b) (emphasis provided).

Proceedings "arising in" bankruptcy cases are referred to as "core proceedings."  Core proceedings are those that would not exist outside of a bankruptcy, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover preferences."  *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005) (quoting 28 U.S.C. § 157(b)(2)).

Bankruptcy courts also assert jurisdiction over "a much broader set of cases: those proceedings that are 'related to' a bankruptcy case."  *In re Pegasus Gold*, 394 F.3d at 1193.  These "non-core proceedings" are those in which the proceeding may not be against the debtor or the debtor's property, but the outcome could nevertheless "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."  *Id*. (quoting *In re Fietz*, 852 F.2d at 457).

Appellant acknowledged that his "claims for violating the FCRA are non-core proceedings."  ER at p. 2.  Instead, appellant relies upon the "close nexus" test described in *In re Pegasus Gold*, which appellant interprets as extending jurisdiction to resolving cases in which

there is a "close nexus" between the bankruptcy plan or proceeding and the matter in litigation. Appellant's Brief at 8-10.

The *In re Pegasus Gold* court described the "close nexus" test as asking whether a matter "affect[s] the interpretation, implementation, consummation, execution, or administration of a confirmed plan" or an incorporated litigation trust agreement. 394 F.3d at 1194. The court applied this test to determine "post-confirmation bankruptcy court jurisdiction" as opposed to pre-confirmation jurisdiction. *Id.*

Appellant contends that the "close nexus" test should be interpreted as providing jurisdiction if "there is a close nexus between Mr. Kasim's discharge and his claims that Equifax and Trans Union are misreporting his discharged debts." Appellant's Brief at 10.

Appellant goes on to assert that a close nexus exists between his bankruptcy and his credit reporting claims because of issues giving rise to questions such as "Did Mr. Kasim discharge the debts he disputed with Equifax and Trans Union?  Were the creditors enjoined from collecting from plaintiff?  What is the effect of the discharge?  Did Equifax and Trans Union's determination that the debts were not discharged violate the discharge order?" Appellant's Brief at 10.

However, these issues do not rely on an "interpretation, implementation, consummation, execution, or administration" of a bankruptcy plan.  There is no settlement or trust agreement requiring interpretation by the bankruptcy court, and no impact upon the estate itself.

The applicable "close nexus" analysis examines the progress of the bankruptcy proceeding itself and not the parties involved in the litigation.  That test is not met under these

circumstances.  The Bankruptcy Court concluded properly that it lacked subject matter

jurisdiction and was compelled to dismiss the FCRA claims.  ER at p. 39.

### 2.    Declaratory Judgment and Contempt Claims

The Bankruptcy Court also addressed the possibility that some of appellant's other claims

might be targeted against the CRA appellees, and concluded that there were no allegations "that

either Equifax or Trans Union had any interest in the collection of debts or that they made any

attempt to collect the debts, and, therefore, I don't think that the complaint states a claim against

either Equifax or Trans Union."  ER at p. 58.

Appellant construed this commentary as the Bankruptcy Court ruling "that because

Equifax and Trans Union were not a party to the bankruptcy they cannot be held in contempt."

Appellant's Brief at 12.  Appellant contends that the Bankruptcy Court's commentary was

erroneous, and that the appellees should be viewed as "acting in concert with Mr. Kasim's

creditors in violating the Bankruptcy Court's discharge order."  *Id*. at 17.

This argument is rejected as well.  Appellant's bankruptcy complaint fails to identify the

appellees as the defendants against whom the "violation of the discharge injunction" claims were

made.

While the Bankruptcy Court may have acted prudently in evaluating other claims as if the

claims might have been leveled properly against the appellees, this court concludes that the

complaint itself fails to allege that those claims – whether for civil contempt or for declaratory

relief – were advanced against these appellees.  This aspect of appellant's argument, as presented

here, is without merit.  Appellant's arguments in this regard do not justify reversal of the

Bankruptcy Court's dismissal for lack of jurisdiction.

**CONCLUSION**

The Bankruptcy Court properly dismissed appellant's FCRA claims against the CRAs for lack of subject matter jurisdiction.  These claims have a limited relationship to the bankruptcy estate and an inadequate "close nexus" upon which to confer jurisdiction.  Appellant's arguments regarding other claims purportedly brought against these appellees are rejected as well.  The ruling of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

DATED this    10    day of November, 2008.




          /s/ ANCER L. HAGGERTY
              ANCER L. HAGGERTY
              United States District Judge